FILED
2011 Oct-19  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER HAMMOND**,  )  <br>   )  <br>   **Plaintiff**  )  <br>   )  <br>   v.  )  <br>   )  <br> **MUTUAL SAVINGS LIFE**  )  <br> **INSURANCE COMPANY,**  )  <br>   )  <br>   **Defendant.**  )  | CV-11-BE-1752-E |

### MEMORANDUM OPINION

This case is before the court on the "Defendant Mutual Savings Life Insurance Company's Motion to Dismiss" (Doc. 5), which requested dismissal of the plaintiff's defamation claim (Count 2). Plaintiff Jennifer Hammond ("Hammond") filed a timely response to this motion (Doc. 13), and Defendant Mutual Savings Life Insurance Company ("Mutual Savings") filed a timely reply (Doc. 14). For the reasons outlined below, the court concludes that the motion to dismiss Count 2 is due to be GRANTED.

On May 26, 2011, Hammond filed suit against Mutual Savings, her former employer, alleging (1) unlawful retaliation to a sexual harassment claim that Hammond filed against her supervisor with the Equal Employment Opportunity Commission ("EEOC"), and (2) defamation in the form of a false deficiency report filed against Hammond with the Alabama Department of Insurance. On July 8, 2011, Mutual Savings answered the complaint and moved this court to dismiss the defamation claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the claim is barred by the relevant statute of limitations.

When a federal court reviews the sufficiency of a complaint before the reception of any

1

evidence, its task is necessarily a limited one. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting and explaining the Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible on its face," the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Mutual Savings correctly notes that, pursuant to Alabama statute, "[a]ll claims of libel or slander must be brought within two years." Ala. Code § 6-2-38(k) (1975). The Alabama Supreme Court has further clarified that a cause of action for libel accrues upon the publication of the defamatory matter. *Tonsmeire v. Tonsmeire*, 233 So. 2d 465, 467 (Ala. 1970). While Hammond does not allege a specific date of publication, the face of the complaint indicates that the publication occurred on or before the date on which she filed her complaint of discrimination with the EEOC–July 28, 2008. Under the most liberal interpretation of the facts alleged, the statute of limitations on Harrison's defamation claim began to run at least by July 28, 2008 and therefore expired on or before July 28, 2010. As noted above, Harrison filed this action on May 26, 2011, nine months and twenty-eight days after the latest date by which the statute expired.

In response, Harrison argues that (1) because Mutual Savings has not retracted the allegedly defamatory statement and (2) because Harrison continues to suffer damage as a result of that statement, Mutual Savings engaged in continuous tortious conduct sufficient to toll or otherwise delay the applicable statute of limitations. Simply put, this argument is incorrect.

The Alabama continuous tort doctrine is entirely a product of judicial creation, and the

exceptions it creates apply in very narrow, fact-specific circumstances.  *See Moon v. Harco Drugs*, 435 So. 2d 218, 220 (Ala. 1983); *Hillis v. Rentokil*, 596 So. 2d 888, 889 (Ala. 1992).  In *Moon*, the Alabama Supreme Court provided three examples in which the continuous tort doctrine may apply: (1) ongoing exposure to harmful substances or conditions in the workplace; (2) multiple actions toward a singular end, as in a blasting case; and (3) contamination of a well or stream.  435 So. 2d at 220.  While the court disclaimed that this list is not exhaustive, the court also articulated the thread of fact common to all cases employing the doctrine: Defendants must have engaged in *repeated wrongs* against the plaintiff.  *Id.*  Further, Mutual Savings correctly notes that the Alabama Supreme Court has rejected mere silence, or failure to retract a statement, as conduct sufficient to invoke the continuous tort doctrine on a defamation claim.  *See Jennings v. Huntsville*, 677 So. 2d 228, 230 (Ala. 1996) (rejecting the argument that continuously failing to retract false and misleading statements about plaintiff were continuous torts and that "breaches continued and renewed each date the [defendants] remain silent").

On the instant claim of defamation, Harrison alleges only a single publication–the notice of deficiency to the Alabama Department of Insurance.  No evidence of any repeated wrong is evident from the face of the complaint, and Mutual Savings's failure to retract the statement does NOT constitute continuous tortious conduct as it is currently defined by Alabama decisional law.  *See Jennings*, 677 So. 2d at 230.  As such, the court cannot draw any inference of liability for the allegedly defamatory statement made on or before July 28, 2008, and the claim is not plausible on its face.

For the reasons above discussed, Defendant Mutual Savings Life Insurance Corporation's Motion to Dismiss is due to be GRANTED, and Plaintiff Harrison's claim for defamation (Doc.

1, Count 2) is due to be DISMISSED with prejudice.  The court will enter a separate order consistent with this opinion.

DONE and ORDERED this 19th day of October 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE