FILED
2011 Dec-22  PM 12:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER HAMMOND**, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 11-BE-1752-E** |
| | ) | |
| **MUTUAL SAVINGS LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This case is before the court on the Plaintiff's Motion to Alter, Amend, or Vacate the

Court's October 19, 2011, Order and Opinion (Doc. 21), and the Defendant's Motion to Dismiss

the Plaintiff's Amended Complaint (Doc. 24).  The Plaintiff's motion requests reconsideration of

this court's order dismissing Count 2 of the original complaint, which sought recovery for

defamation.  (Docs. 1, 19, 20).  The Defendant's motion requests dismissal of Count 3 of the

amended complaint, which seeks recovery for wanton hiring, supervision, and retention.  (Doc.

22).  The Defendant filed a timely response to the Plaintiff's motion.  (Doc. 23).  The Plaintiff

has not responded to the Defendant's motion.  For the reasons outlined below, the court

concludes that the Plaintiff's motion to alter, amend, or vacate is due to be DENIED and that the

Defendant's motion to dismiss is due to be GRANTED.

**A.     Plaintiff's Motion to Alter, Amend, or Vacate the Court's October 19, 2011, Order
and Opinion**

The Plaintiff requests reconsideration of this court's order dismissing her defamation

claim.  In its October 19, 2011, Order and Memorandum Opinion, this court concluded that (1)

based on the Plaintiff's May 26, 2011, complaint, the applicable two-year statute of limitations barred recovery for an allegedly defamatory statement published on or before July 28, 2008, and (2) the facts as alleged failed to support any application of the Alabama continuous tort doctrine.

In her current motion, the Plaintiff insists that the court erred in reaching these conclusions by ignoring specific allegations of statements made by the Defendant to customers on the Plaintiff's debit route. According to the Plaintiff, her original complaint and her response to the Defendant's original motion to dismiss sufficiently articulated that the Defendant published these statements to customers within the period of the statute of limitations and continues to publish similar statements today. To support this contention, the Plaintiff directs the court to review paragraph fifteen of both her original complaint and her response to the Defendant's original motion to dismiss.

Notably, the Plaintiff's response to the Defendant's original motion to dismiss (Doc. 13) contains only nine numbered paragraphs. At paragraph *four*, the Plaintiff argued that the Defendant made false and defamatory statements to both the Alabama Department of Insurance and to customers on the Plaintiff's debit route. As in paragraph *fourteen* of the original complaint, however, the Plaintiff failed to articulate any specifics of these alleged publications (i.e. when they were made, to whom they were made, what they contained, why they were damaging or why proof of damage is not required). Even when, as required by Rule 12, the statements in the complaint are taken as true, the allegations are merely conclusory. They fail to state the necessary *facts* that comprise even the basic elements of the claim. *See Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala. 1988) ("To establish a prima facie case of defamation, the plaintiff must show that the defendant was at least negligent in publishing a false

and defamatory statement to another concerning the plaintiff, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." (internal citations omitted)).

Granted, Rule 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim, however, the United States Supreme Court has articulated that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Further, "[a] claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009) (emphasis added). Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

The only date of publication pled in the original complaint was July 28, 2008. Absent any showing that publication to customers (or anyone else, for that matter) occurred at a time within the applicable statute of limitations, the claim lacks factual plausibility and the court is unable to draw any reasonable inference that the Defendant is liable for the alleged defamation within the statute of limitations.

The Plaintiff further supports her request for reconsideration with several discovery documents that were not made available to the court upon consideration of the original motion.

The Defendant correctly cites *Arthur v. King*, 500 F.3d 1335 (11ᵗʰ Cir. 2007), as controlling law on this action. "[A] Rule 59(e) motion cannot be used to . . . present evidence that could have been raised prior to the entry of judgment." *Id.* at 1343. Because these documents were not part of the court's record upon consideration of the original motion, they may not be introduced here to provide new support for the dismissed claim.

Even if the court were to consider the substance of these documents (and, in turn, consider the original motion to dismiss as a motion for summary judgment pursuant to Rule 12(d)), the Plaintiff still fails to demonstrate that the Defendant published any of the allegedly defamatory statements within the statute of limitations. Names of the Plaintiff's former debit route customers, while helpful, do not render the claim any more plausible on its face to have accrued within the statute of limitations. The allegations remain conclusory, and the court remains unable to draw any reasonable inference of liability.

Thus, the court finds that the motion to alter, amend, and vacate the court's previous order dismissing Count 2 is due to be denied. Because her Amended Complaint continues to assert a claim for defamation in Count 2, the claim is due to be dismissed.

**B.      Defendant's Motion to Dismiss the Plaintiff's Amended Complaint**

The Defendant requests dismissal of Count 3 of the Plaintiff's amended complaint, which seeks recovery for wanton hiring, supervision, and retention. The Defendant correctly notes that claims for negligent or wanton hiring, supervision, and retention are governed by a two-year statute of limitations. *See* Ala. Code § 6-2-38(*l*); *see also Life Ins. Co. of Ga. v. Smith*, 719 So. 2d 797, 801-04 (Ala. 1998) (applying a two-year statute of limitations to the plaintiff's claims for negligent and wanton hiring, supervision, and retention).

Likewise, the Defendant correctly notes that the Plaintiff's claim for wanton hiring, supervision, and retention accrued no later than April 8, 2008—the last day of her employment relationship with the Defendant.  As such, the statute of limitations for this claim expired, at the latest, on April 8, 2010.  The Plaintiff commenced this action on May 26, 2011, 413 days following termination of the life of the claim.

The Plaintiff relies on *McKenzie v. Killian*, 887 So. 2d 861 (Ala. 2003), to propound that a six-year statute of limitations, not a two-year statute of limitations, governs claims for wantonness in Alabama.  The court agrees with the Defendant that the Plaintiff misrepresents the holding of *McKenzie* as controlling authority in this case.  *McKenzie* involved a distinct brand of wanton conduct—wanton operation of a motor vehicle resulting in a collision, specifically—that does not in any way lend itself to analogy with the instant case.  *See id.* at 863.  In *McKenzie*, a plaintiff, who stopped her car in slow-moving, accident-related traffic on an interstate highway, alleged that the defendant-driver's wanton failure to respond, yield, and stop his vehicle caused the plaintiff-driver's physical injuries. *Id.*  Based on these facts, the Court declared that the plaintiff's allegation of wantonness sufficiently implied the intent required to apply a six-year statute of limitations, which is typically reserved for claims of trespass on the case.  *Id.* at 870 (applying Ala. Code § 6-2-34(1): "Actions for any trespass to person or liberty, such as false imprisonment or assault and battery" must be brought within six years.).

Since *McKenzie*, the Court has consistently declined to apply the standard articulated in *McKenzie* to wantonness cases not directly involving personal injuries.  *See Gilmore v. M&B Realty Co.*, 895 So. 2d 200 (Ala. 2004) (applying a two-year statute of limitations to a claim for wanton failure to draft a an accurate contract of sale); *Boyce v. Cassese*, 941 So. 2d 932 (Ala.

2006) (applying a two-year statute of limitations to a claim for wanton failure to record a property use agreement); *Malsch v. Bell Helicopter Textron, Inc.*, 916 So. 2d 600, 601 (Ala. 2005) (noting that a two-year statute of limitations controls claims for wantonness brought under Alabama product-liability laws).

Very recently, the Alabama Supreme Court expressly distinguished *McKenzie* with respect to wantonness claims not controlled by its specific facts and overruled its holding for all future claims within its purview. *In re Capstone Bldg. Corp.*, No. 1090966, 2011 WL 2164027, *1, *4 (Ala. June 3, 2011). Specifically, the Court declared that "*McKenzie* stands alone as an exception to the long line of cases that addressed the question of what statute of limitations was applicable to a claim of wantonness and that repeatedly answered that question by deciding that the two-year statute of limitations period of § 6-2-38(*l*) was applicable." *Id*. at *8. According to *Capstone*, the unique facts of *McKenzie* allowed the Court to turn its decision on (confounded) analysis of the defendant's alleged culpability, not causation or injury. *Id. Capstone* clarified that wantonness, as a tort concept, is distinguishable from recklessness, negligence, and intentional conduct. *Id. McKenzie* passed over this long-regarded distinction and erroneously collapsed claims alleging wantonness into the category of intentional torts. As a result of this error, *Capstone* overruled *McKenzie* and reinforced the well-established rule that all claims for wantonness are governed by a two-year statute of limitations. *Id.* at *11 - *13.

Notably, the Court's decision in *Capstone* post-dates the Plaintiff's complaint, and *Capstone* expressly declined to apply its holding retroactively. *Id.* at *12. Guided by *Capstone*'s deference to *Gilmore*, *Boyce*, and *Malsch*, however, this court concludes that the Plaintiff's claim for wanton hiring and retention is specifically governed by a two-year statute of limitations.

Pairing the marked factual disparity between *McKenzie* and the instant case with the Alabama

Supreme Court's consistent application of the two-year statute of limitations to wantonness

claims not involving personal injuries, this court finds that the Plaintiff was not entitled to rely on

the six-year statute advanced by *McKenzie* in the first place.  The scope of *McKenzie*'s

application was decidedly narrow long before *Capstone* overruled it, and even absent *Capstone*'s

articulation of the error in *McKenzie*, this case would fall beyond its scope.

Given this conclusion, the court declines to reach the Defendant's arguments sounding in

*respondeat superior* and federal claim bootstrapping.

For the reasons above discussed above, the Plaintiff's Motion to Alter, Amend, or Vacate

the Court's October 19, 2011, Order and Opinion is due to be DENIED and Count 2 of the

Amended Complaint, which re-asserts the defamation claim previously dismissed, is due to be

DISMISSED with prejudice; the Defendant's Motion to Dismiss Plaintiff's Amended Complaint

as to Count 3 is due to be GRANTED; and the Plaintiff's claim for wanton hiring, supervision,

and retention (Count 3) is due to be DISMISSED with prejudice.  The court will order a separate

order consistent with this opinion.

DONE this 22nd day of December, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

7